CAROLINE J. RYERSON, ADMINISTRATRIX AD PROSE-QUENDUM OF THE ESTATE OF JOHN RYERSON, DECEASED, PLAINTIFF, v. PAUL LEISEL, DEFENDANT.

Submitted May 15, 1931—Decided November 16, 1931.

1152

Before Gummere, Chief Justice, and Justices Parker and Case.

For the plaintiff, *Collins & Corbin* (*Edward A. Markley* and *Howard F. McIntyre,* of counsel).

For the defendant, *Leo E. Duff* (*Frank K. Runyon,* of counsel).

Per Curiam.

Plaintiff as administratrix *ad prosequendum* received a verdict of $7,500 at the Hudson Circuit for the death of her husband. The decedent, while crossing Communipaw avenue at the intersection of Monticello avenue, was struck by an automobile owned and driven by the defendant. His death was the result of that accident. The only testimony was that of the defendant himself, called as a witness on behalf of the plaintiff with respect to the accident, and that of the plaintiff, who testified to the actual death of her husband and also to her husband's earnings and contributions to the household. The case comes up on defendant's rule to show cause why a new trial should not be granted upon the grounds that there was no evidence of any negligence on the part of the defendant and that the verdict of the jury was excessive.

The defendant testified that he was driving at about twenty miles an hour in a built-up section where the houses were less than one hundred feet apart; that only the cowl lights on his car were lit; that the decedent, when the witness first saw him, was in the act of crossing the street directly in front of the defendant's automobile and eight feet distant therefrom; that defendant cannot say that he signaled by blowing the horn but that the brake which the defendant

sought to apply was the emergency brake, and that after defendant's car struck the decedent, the car continued for its length before stopping. We find no evidence of the use, or the attempted use, of the service or foot brake. Indeed there is no proof of the actual application of the emergency brake. The testimony of the witness is that he "went down for the brake." It is obvious, of course, that some braking appliance was applied because the car was ultimately brought to a stop, but we consider that there was sufficient in the defendant's testimony, having regard to the traffic, the character of the neighborhood, the view had by the defendant and his failure to stop the car, and indeed all of the attendant circumstances, to sustain the jury in finding negligent operation.

The evidence showed earnings by the decedent of $45 per week, but it is not clear that he had any actual dependents except his wife. The testimony is that there are nine children but that only two of them live at home. One of the two is a daughter, who is working and contributes from twenty-two to twenty-four dollars a week to the household, and the other is a son, who, because of the death of his wife, lives at home and pays his board. The remaining children are married and live elsewhere. A grandson fourteen years of age lives in the household, but the fact of dependency upon the decedent is not manifest. That portion of plaintiff's brief which relies upon the figures of mortality tables has no foundation in the proofs.

We consider that the verdict is excessive and should be reduced to the sum of $5,000. If the plaintiff will consent to a reduction of the verdict to that amount, the rule will be discharged; otherwise the rule will be made absolute.